IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD BOYEDE OLAJIDE,<br><br>     Plaintiff,<br><br>  v.<br><br>MICHAEL J. GAFFEY, et al.,<br><br>     Defendants. | No. C 12-04303 JSW<br><br>**ORDER RESOLVING MOTIONS, VACATING HEARING DATE FOR MOTIONS, AND ADVANCING DATE FOR INITIAL CASE MANAGEMENT CONFERENCE** |

This matter comes before the Court upon consideration multiple motions. The Court finds the motions suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the hearing date set for February 1, 2013 at 9:00 a.m. is HEREBY VACATED. However, the Court shall ADVANCE the date to conduct its initial case management conference in this matter. The case management shall be held on February 1, 2013 at 1:30 p.m. (advanced from March 29, 2013 at 1:30 p.m.).

Having considered the parties' multiple motions, relevant legal authority, and the record in this matter, the Court rules as follows:

(1)     Plaintiff's motion to compel waiver of conflict of interest is DENIED (Docket No. 16). There has been no demonstration of an actual or potential conflict of interest at this time.

(2)     Plaintiff's motion to recuse the undersigned is DENIED (Docket No. 19). Under 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Section 455 imposes an affirmative duty upon judges to recuse themselves when "a reasonable person with knowledge of all the

1  facts would conclude that the judge's impartiality might reasonably be questioned."
2  *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993). The provisions of Section
3  455 "require recusal only if the bias or prejudice stem from an extrajudicial source and
4  not from conduct or rulings made during the course of the proceeding." *Toth v. Trans*
5  *World Airlines*, Inc., 862 F.2d 1381, 1388 (9th Cir. 1988). A motion for disqualification
6  based entirely from the district court judge's adverse ruling is not an adequate basis for
7  recusal. *See Leslie v. Grupo ICA*, 198 F.3d 1152, 1160 (9th Cir. 1999) (citing numerous
8  cases for the same proposition).

Plaintiff has not met his burden to demonstrate prejudice or any legitimate cause for recusal.

(2) Plaintiff's motion to change venue is DENIED (Docket No. 20). Venue can be changed in federal courts where the complaint is originally filed in the improper venue, pursuant to 28 U.S.C. § 1406(a) or "for the convenience of the parties and witnesses, in the interest of justice," pursuant to 28 U.S.C. § 1404(a). Original venue is properly set in the United States District Court for the Northern District of California as a substantial portion of the events alleged in the complaint occurred in this district and all parties reside within its jurisdiction. Further, there is nothing before the Court to demonstrate that change of venue would be convenient for any of the parties or witnesses.

(3) The State of California's motion to dismiss is GRANTED (Docket No. 23). In response to the motion, Plaintiff improperly filed a motion to strike the State of California's motion (Docket No. 58).[1] In his complaint, Plaintiff alleges various causes of action against the State of California for relief under 28 U.S.C. § 1983. However, the Eleventh Amendment bars suits seeking damages against the State. *See, e.g., Durning v. Citibank, N.A.*, 950 F.2d 1419, 1422-23 (9th Cir. 1991). Further, the State cannot be construed as a person for purposes of 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

---

[1] Plaintiff's motion to strike the State of California's motion pursuant to Federal Rule of Civil Procedure 12(f) is DENIED. It is independently without justification for relief and the Court construes the submission as an opposition to the pending motion to dismiss.

2

(4) The Judge Defendants' motion to dismiss is GRANTED (Docket Nos. 27 and 29). In response to the motion, Plaintiff improperly filed a motion to strike the Judge Defendants' motion (Docket No. 56).[2] The law provides that judges are absolutely immune from civil liability for acts relating to the judicial process. *See, e.g., Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) ("A judge will not be deprived of immunity because the act he took was in error, was done maliciously, or was in excess of his authority."); *see also Mireless v. Waco*, 502 U.S. 9, 11 (1991); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). "Judicial immunity applies 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.'" *Id*. (quoting *Cleavinger v. Saxner*, 474 U.S. 193 (1985)). A judge lacks immunity only when he or she acts "in the clear absence of all jurisdiction ... or performs an act that is not 'judicial' in nature." *Id*. (internal citation omitted).

An act is considered "judicial" when it is a function normally performed by a judge and the parties dealt with the judge in his judicial capacity. *See Stump*, 435 U.S. at 362. To determine if an individual acted in an official judicial capacity, a court must analyze whether: "(1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity." *Id.* (citation omitted).

Having again reviewed the allegations in the Complaint, the Court concludes that each of the four factors set forth above demonstrates that Plaintiff's allegations against the judges arise from acts relating to the judicial process and not in excess of the judges' jurisdiction.

---

[2] Plaintiff's motion to strike the Judge Defendants' motion pursuant to Federal Rule of Civil Procedure 12(f) is DENIED. It is independently without justification for relief and the Court construes the submission as an opposition to the pending motion to dismiss.

3

(5) The City of Oakland's motion to dismiss is DENIED (Docket No. 25). In response to the motion, Plaintiff improperly filed a motion to strike the City of Oakland's motion (Docket No. 57).[3]

Plaintiff claims in his Complaint that officers employed by the City of Oakland violated his constitutional rights in violation of 42 U.S.C. § 1983, among other things, to be free from unreasonable searches and seizures; to be free from arrest without probable cause; to be free from cruel and unusual punishment; and to be free from the use of excessive force. (*See* Complaint at ¶¶ 1-20, 52-60.) According to the factual allegations in the Complaint, the City of Oakland's liability for these actions may be premised on *Monell v. Dep't of Social Services*, 436 U.S. 658 (1978). (*See* Complaint at ¶¶ 70-71.)

Plaintiff also alleges that the officers' and City of Oakland's conduct was motivated by expressed racial animus in violation of 42 U.S.C. § 1985. To state a claim for a violation of 42 U.S.C. § 1985(3), plaintiff must allege four elements: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Sever v. Alaska Pulp Corporation*, 978 F.2d 1529, 1536 (9th Cir. 1992) (citing *United Brotherhood of Carpenters and Joiners of America v. Scott*, 463 U.S. 825, 828-29 (1983)).

To set out the second element of a Section 1985(3) claim, a plaintiff must allege that the deprivation of the right in question was "motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.'" *Id.* (quoting *Griffith v. Breckenridge*, 403 U.S. 88, 102 (1971)); *see also McCalden v. California Library Ass'n*, 955 F.2d 1214, 1223 (9th Cir. 1992) ("'the plaintiff must be a member of a class that requires special federal assistance in

---

[3] Plaintiff's motion to strike the City of Oakland's motion pursuant to Federal Rule of Civil Procedure 12(f) is DENIED. It is independently without justification for relief and the Court construes the submission as an opposition to the pending motion to dismiss.

4

1 protecting its civil rights'" ) (quoting *Gerritsen v. de la Madrid Hurtado*, 819 F.2d 1511, 1519 (9th Cir. 1987)).

In his complaint, Plaintiff clearly states that the officers of the City of Oakland were motivated by racial and discriminatory animus. (*See* Complaint at ¶ 54.) That is sufficient to state a claim at this procedural stage.

(6) The County of Alameda's motion to dismiss is DENIED (Docket Nos. 28 and 31). In response to the motion, Plaintiff improperly filed a motion to strike the County of Alameda's motion (Docket No. 59).[4]

Plaintiff claims in his Complaint that officers employed by the County of Alameda violated his constitutional rights in violation of 42 U.S.C. § 1983, among other things, to be free from unreasonable searches and seizures; to be free from arrest without probable cause; to be free from cruel and unusual punishment; and to be free from the use of excessive force. (*See* Complaint at ¶¶ 20-33, 52, 60-64, 66.) According to the factual allegations in the Complaint, the County of Alameda's liability for these actions may be premised on *Monell v. Dep't of Social Services*, 436 U.S. 658 (1978). (*See* Complaint at ¶ 71.) For the same reasons as above, the County of Alameda's motion to dismiss is unfounded.

Plaintiff also alleges that the officers' and County of Alameda's conduct was motivated by expressed racial animus in violation of 42 U.S.C. § 1985. (*See* Complaint at ¶ 25.) Again, that is sufficient to state a claim at this procedural stage.

**IT IS SO ORDERED.**
Dated: January 3, 2013

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

---

[4] Plaintiff's motion to strike the County of Alameda's motion pursuant to Federal Rule of Civil Procedure 12(f) is DENIED. It is independently without justification for relief and the Court construes the submission as an opposition to the pending motion to dismiss.

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

RONALD BOYEDE OLAJIDE,

    Plaintiff,

v.

MICHAEL J. GAFFEY et al,

    Defendant.

Case Number: CV12-04303 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 3, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Ronald Boyede Olajide
4200 Park Boulevard, #137
Oakland, CA 94602

Dated: January 3, 2013

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk