UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD BOYEDE OLAJIDE,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL ARSANIS, et al.,<br><br>    Defendants. | Case No. 12-cv-04303-WHO   (WHO)<br><br>**ORDER ADDRESSING PLAINTIFF'S MOTIONS TO CONTINUE DISCOVERY AND TRIAL AND FOR LEAVE TO FILE AN AMENDED COMPLAINT AND DEFENDANTS' DISCOVERY DISPUTE**<br><br>Re: Dkt. Nos. 116, 119, 120 |

## INTRODUCTION

Plaintiff Ronald Olajide has filed a motion to continue the discovery deadlines and trial date. Dkt. No. 116. Mr. Olajide has also filed a motion for leave to file a First Amended Complaint. Dkt. No. 120. Defendant County of Alameda opposes both motions. Dkt. Nos. 121, 122. Defendants City of Oakland, Michael Arsenis and Mark Rowley have joined in the County of Alameda's oppositions. Dkt. Nos. 123, 124. The County of Alameda has also filed a letter brief regarding a dispute over the deposition of Mr. Olajide. Dkt. No. 119.

## DISCUSSION

**A. Mr. Olajide's request to continue discovery deadline and trial date**

Discovery is currently set to close on December 2, 2013 and trial is scheduled for May 12, 2014. A further case management conference is set for December 3, 2013. Mr. Olajide has moved to extend the discovery deadline and the trial date in light of the recent birth of his daughter and the County of Alameda's alleged failure to provide Mr. Olajide's a functional video recording of the incident in question.

The Court EXTENDS the discovery deadline until December 31, 2013. Mr. Olajide is

reminded of his obligation to be diligent with respect to discovery.  According to the County of Alameda, it first learned of the alleged problem with the video recording when Mr. Olajide filed the present motion to continue the discovery deadline.  The Court reminds Mr. Olajide of his obligation to meet and confer with the defendants regarding discovery disputes before seeking the Court's intervention.  Presumably, had the County of Alameda known that the video it provided Mr. Olajide did not function, it would have provided him with a new copy. The Court will address whether to extend the trial date at the case management conference on December 3, 2013.

**B. Mr. Olajide's motion for leave to file a first amended complaint**

Mr. Olajide moves for leave to file a first amended complaint.  According to Mr. Olajide, his proposed amended complaint provides additional factual allegations, changes the statutes on which his claims are based, and adds four individual defendants, including Oakland Mayor Jean Quan and Supervisor Keith Carson.  The County of Alameda opposes the motion as prejudicial, futile, and unduly delayed.  In the alternative, the County of Alameda requests that the Court "issue a briefing schedule for motions to dismiss, extend all relevant discovery deadlines, extend the time for filing motions for summary judgment, continue the trial date and continue all related deadlines" in the event that the Court grants Mr. Olajide leave to file an amended complaint.

The Court will address Mr. Olajide's motion for leave to file an amended complaint at the December 3, 2013 case management conference.

**C. County of Alameda's submission regarding deposition of Mr. Olajide**

Mr. Olajide's deposition was scheduled for November 5, 2013.  According to the County of Alameda, at his deposition Mr. Olajide attempted to videotape the deposition on his own cellphone, without prior notice to the County of Alameda.  Mr. Olajide refused to turn off his cellphone camera when asked to do so and refused to be sworn in by the reporter when the County of Alameda attempted to make a record of the dispute.  The deposition was suspended and the County of Alameda filed a letter with the Court, seeking the Court's intervention.  The County of Alameda states that it forwarded the letter to Mr. Olajide, who declined to add his position to the letter.

Federal Rule of Civil Procedure 30 allows a party to videotape his own deposition, but the

party must provide prior notice to the other parties.  Fed. R. Civ. P. 30(b)(3)(B) ("With prior notice to the deponent and other parties, *any* party may designate another method for recording the testimony in addition to that specified in the original notice.") (emphasis added); *Drake v. Benedek Broad. Corp.*, 2000 WL 274093 (D. Kan. Mar. 3, 2000) ("Fed. R. Civ. P. 30(b)(3) allows a party to videotape his/her own deposition.").  The Court is not aware of any cases involving the use of a cellphone to videotape a deposition.

The Court has concerns about Mr. Olajide's desire to use his cellphone for videotaping.  One is whether the quality of the recording will be sufficient to allow its use at trial.  Another is that the video must be made available promptly to the opposing party and, if necessary, the Court.  A third is that under Rule 30 of the Federal Rules of Civil Procedure the video must fairly portray the deposition and not be manipulated to the disadvantage of any party.

In light of those concerns, and without ruling on the ability of Mr. Olajide to use the video at trial, the Court tentatively is inclined to allow the videotaping by cellphone to proceed at Mr. Olajide's deposition on the following conditions:

1. Pursuant to the Federal Rules, "[t]he deponent's and attorneys' appearance or demeanor must not be distorted through recording techniques." Fed. R. Civ. P. 30.
2. The camera shall record only while the deposition is in session and shall run continuously throughout the active conduct of the deposition. The camera shall not record (a) any "off the record" discussions, (b) while the deposition is in recess, (c) after a party has moved to terminate the deposition and the court reporter is no longer transcribing the discussion between the parties, or (d) after termination of the deposition.
3. The video camera shall stay focused on the deponent, Mr. Olajide, at all times.  The camera shall be placed where it can focus on Mr. Olajide only.  Mr. Olajide shall not hold or control the camera while it is recording, other than to place, start and stop the camera.

3

1      4. Mr. Olajide shall provide a copy of the video to defendants at the conclusion of the
2         deposition.
3      If the parties accept the Court's tentative ruling, they may proceed with Mr. Olajide's
4 deposition prior to the Case Management Conference.  Otherwise, they should be prepared at the
5 Case Management Conference to explain any disagreement with the tentative ruling expressed
6 above and to set the date of the deposition.  Any further briefing, of no more than three pages, may
7 be filed on or before November 26, 2013.

## CONCLUSION

The discovery cutoff is EXTENDED until December 31, 2013.  The trial REMAINS scheduled for May 12, 2014.  The Court will address Mr. Olajide's motion for leave to file a first amended complaint at the Case Management Conference on December 3, 2013.  Mr. Olajide's deposition may proceed in accordance with the guidelines set forth above, or the parties may choose to address the issue at the Case Management Conference.  The parties are directed to contact the Court's courtroom deputy, Ms. Jean Davis, at (415) 522-2077, in the event they need the Court's guidance in advance of the December 3, 2013 case management conference.

**IT IS SO ORDERED**.

Dated: November 19, 2013



WILLIAM H. ORRICK
United States District Judge