1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RONALD BOYEDE OLAJIDE,

Plaintiff,

v.

MICHAEL ARSANIS, et al.,

Defendants.

Case No.  12-cv-04303-WHO

**ORDER ADDRESSING VARIOUS FILINGS BY PLAINTIFF OLAJIDE**

**Dkt. Nos.: 129, 130, 133, 137, 139**

This Order addresses various filings by *pro se* plaintiff Ronald Olajide.

Mr. Olajide filed two Motions for Court to Take Judicial Notice of Adjudicate Facts.  He states that the first motion (Dkt. No. 137) is "a means for production of the unrepealed Acts of Congress in which the claims of this case are based upon."  The motion attaches Volume 44, Part 1 of the United States Statutes at Large.  The second motion (Dkt. No. 139) purports to attach the California constitution and "California Original Law Statutes 1852 Chapter 107, 1853 Chapter 41 and 1854 chapter 73."  The Court GRANTS the motions.  In the future, Mr. Olajide should just cite to these or any other statutes or constitutional provisions that he wishes the Court to review; he does not need to submit the actual text of the statutes and provisions to the Court.

Mr. Olajide filed an "Objection to Court's Order."  Dkt. No. 133.  Mr. Olajide appears to object to the Court interpreting his Amended Complaint as one seeking relief under 42 U.S.C. Section 1983, whereas Mr. Olajide wants his Amended Complaint "brought and interpreted under the United States Statutes at Large."  Dkt. No. 133 at 1-2.  The Court explained in its prior order that

> Mr. Olajide stated that he wishes to move under the Civil Rights Acts rather than under Title 42 because Title 42 is not passed by Congress and he only wishes to resort to original laws passed by Congress. The distinction drawn by Mr. Olajide is not compelling to the Court. The Civil Rights Acts of 1866 and 1871 have been codified at 42 U.S.C. Sections 1981, 1982 and 1983. *See, e.g., Wyatt v. Cole*, 112 S. Ct. 1827, 1831 (1992) (noting that the Civil Rights Act of 1871 "is codified at 42 U.S.C. § 1983"); *Scott v. Eversole Mortuary*, 522 F.2d 1110, 1113 (9th Cir. 1975) (noting that the Civil Rights Act of 1866 was "recodified in its present form in

42 U.S.C. ss 1981, 1982"). Accordingly, 42 U.S.C. Section 1983 is the proper vehicle for Mr. Olajide's claims.

Dkt. No. 132 at 2.  Mr. Olajide now argues that viewing this as a Section 1983 action will allow the defendants to assert immunities to which they would not be entitled if the action is viewed as one under the United States Statutes at Large.  Dkt. No. 132 at 3-4.  The Court is doubtful that treating this case as one under the Code rather than the Statutes has any impact on the defendants' immunity, given that the Code merely codifies the Statutes.  Nonetheless, Mr. Olajide will be given a full opportunity to argue why the defendants are not immune should the defendants raise immunity.  Mr. Olajide's Objection to Court's Order is therefore DENIED to the extent that it was intended as a motion for reconsideration.

Mr. Olajide's Objection to Court's Order also alleges that he cannot receive a fair trial because the undersigned and defense counsel share a "substantial interest" through their memberships in the California State Bar.  There is no shared interest between members of the Bar which inherently requires the undersigned's recusal.  *See, e.g., Denardo v. Municipality of Anchorage*, 974 F.2d 1200, 1201 (9th Cir. 1992) ("The fact that a plaintiff sues a bar association does not require recusal of judges who are members of that bar association.").  The undersigned has had no prior relationship with defense counsel, let alone one that would create an appearance of impropriety or other ethical concern that would warrant disqualification.  In any event, the issue is moot as the undersigned is no longer a member of the Bar.  The Objection to Court's Order is therefore DENIED to the extent that it is intended to be a motion for recusal.  Mr. Olajide's Motion to Disqualify Judge and the accompanying Judicial Notice of Adjudicative Fact (Dkt. Nos. 129 and 130) are based on the same alleged conflict and are likewise DENIED.

**CONCLUSION**

Mr. Olajide's requests for judicial notice at Docket Numbers 137 and 139 are GRANTED.

Mr. Olajide's motions and filings at Docket Numbers 129, 130 and 133 are DENIED.

**IT IS SO ORDERED**.

Dated: January 9, 2014



WILLIAM H. ORRICK
United States District Judge

United States District Court
Northern District of California

3